[Crim. No. 17558. Second Dist., Div. Three. Sept. 24, 1970.]

THE PEOPLE, Plaintiff and Respondent, v.
CARL EUGENE JORDAN, Defendant and Appellant.

## COUNSEL

Richard H. Levin, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Robert F. Katz, Deputy Attorney General, for Plaintiff and Respondent.

## OPINION

**COBEY, J.**—Carl Eugene Jordan appeals, following a stipulated submission of the case to the court on the transcript of the preliminary exami-

nation, from a judgment of conviction of one count of grant theft. (Pen. Code, §§ 484, 487, subd. 1.) A second count of grand theft was dismissed on motion of the prosecutor.

According to the evidence offered by the People at the preliminary examination,[1] appellant, then a corporate officer, without authority to do so, opened a corporate petty cash account in a certain bank and deposited therein two checks payable to the corporation in the amount of $4,730.96. He then withdrew this amount from the account by means of three checks made payable to cash and endorsed by him alone. The corporation never received any of these proceeds which apparently were retained by appellant for his own use.

Appellant asks that we reverse his conviction because (1) the submission of the case on the transcript of the preliminary examination was tantamount to a plea of guilty by him, (2) he did not then personally affirm or acquiesce in this procedure as required by *In re Mosley,* 1 Cal.3d 913 [83 Cal.Rptr. 809, 464 P.2d 473], and (3) in any event the safeguards imposed by *In re Tahl,* 1 Cal.3d 122 [81 Cal.Rptr. 577, 460 P.2d 449], were not observed prior to the acceptance of his, in effect, plea of guilty.

We do not agree. ▓ It is true that when the case was called for trial appellant personally did not waive his right to a full trial, but he made no protest when his counsel did so for him by accepting in his presence the stipulation offered by the prosecutor that the case be decided by the court solely on the transcript of the preliminary examination. He, therefore, acquiesced in his counsel's waiver of the full trial at that time.[2] See *In re Mosley, supra,* 1 Cal.3d 913, 924; *People* v. *McFadden,* 4 Cal.App.3d 672, 691-692 [84 Cal.Rptr. 675].)

▓ Furthermore, we do not believe that the safeguards required by *Tahl* prior to the acceptance of a plea of guilty apply to this case which

---

[1] The defense declined to offer any evidence at the hearing.

[2] Apparently appellant clearly understood at that time that his counsel's submission of the case on this basis was equivalent to a plea of guilty on appellant's part and that appellant was waiving his right to a full trial. We say this for two reasons. First, within a month after his conviction appellant submitted a letter to the court in which he stated, among other things, that he had pled guilty and that his commitment was in error in indicating instead that he had been found guilty by the court. Second, some weeks thereafter appellant personally submitted a declaration and petition for a certificate of probable cause. Such a certificate is required as a prerequisite to appeal only when the judgment of conviction has been entered on either a plea of guilty or one of nolo contendere. (See Pen. Code, § 1237.5.) In his declaration appellant averred that pursuant to a plea bargain therein specified, which he claimed was not kept, he did plead guilty to one count of the information.

was tried on July 7, 1969. It is true that this trial occurred over a month after the decision of the United States Supreme Court in *Boykin* v. *Alabama,* 395 U.S. 238 [23 L.Ed.2d 274, 89 S.Ct. 1709] and *Tahl* held that the safeguards imposed by it pursuant to *Boykin* must be followed in "those cases in which pleas were entered subsequent to the effective date of that decision." (*In re Tahl, supra,* 1 Cal.3d 122, 135. See, however, *People* v. *Rizer,* 10 Cal.App.3d 259, 263-265 [88 Cal.Rptr. 773].) But under *Tahl* these safeguards are required only prior to acceptance of a plea of guilty. No plea of guilty, as such, was accepted in this case.

■ It is also true that on January 30, 1970, in *In re Mosley, supra,* 1 Cal.3d 913, 926, fn. 10, our Supreme Court declared that, "[*I*]*n the future* the use of stipulations which, in the circumstances of the particular case, are *in fact* tantamount to a plea of guilty . . . must be accompanied by an affirmative showing on the record that the defendant waives his right to freedom from compulsory self-incrimination, his right to trial by jury, and his right to confront his accusers. [Citations.]" (First italics ours.) This procedure, though, did not take effect until *Mosley* became effective, which event occurred, according to the records of our Supreme Court, on March 2, 1970, almost nine months after the trial of this case.

The judgment is affirmed.

Schweitzer, Acting P. J., and Allport, J., concurred.